Robert W. Keaster (SBN 115847)
rkeaster@klgllplaw.com
Michael A. Miller (SBN 177952)
mmiller@klgllplaw.com
**KEASTER LAW GROUP LLP**
15490 Ventura Boulevard, Suite 210
Sherman Oaks, California 91403-3016
Telephone: (818) 385-1256
Facsimile: (818) 385-1802

Attorneys for Plaintiff
EVANSTON INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EVANSTON INSURANCE COMPANY, an Illinois Corporation,

Plaintiff,

vs.

THE ROMAN CATHOLIC BISHOP OF ORANGE, a California Corporation Sole

Defendant.

CASE NO. 8:23-cv-02446 MRA (ADSx)
[Assigned to the Hon. Mónica Ramírez Almadani]

**EVANSTON'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT'S FIRST COUNTERCLAIM PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)**

**Date:** August 1, 2024
**Time:** 1:30 p.m.
**Judge:** Hon. Mónica Ramírez Almadani
**Courtroom:** 10B

Complaint filed: 12/22/2023
Answer & Counterclaim filed: 3/7/2024
Responsive Pleading due: 4/26/2024
Final Pretrial Conference: 4/24/2025

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on August 1, 2024, at 1:30 p.m., or as soon thereafter as the matter can be heard in Courtroom 10B of the above-entitled court, located at the U.S. Courthouse, 350 W. First Street, Los Angeles, California 90012, Plaintiff Evanston Insurance Company ("Evanston"), as successor in interest to Associated International Insurance Company ("Associated"), will move the Court for an Order dismissing Defendant The Roman Catholic Bishop of Orange's ("RCBO")

first counterclaim against Evanston. This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6) on the grounds that RCBO's first counterclaim for declaratory judgment fails to state a claim upon which relief can be granted.

Associated issued a second level excess/umbrella liability policy to RCBO for the policy period June 18, 1977, to June 18, 1978, which was renewed for three subsequent policy periods, including the period June 18, 1979, through June 18, 1980 ("Associated Policy") (Doc. 19 at 16:27 - 17:2; Doc. 19-1 at pgs. 2, 15, 18, 20 of 21). The Associated Policy is subject to limits of $4,000,000 "in the aggregate for each annual period during the currency of this Policy, separately in respect of Products Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured." (Doc. 19-1 at pg. 3 of 21). Evanston paid $2,586,750 towards a settlement of one of a several consolidated lawsuits filed against RCBO for sexual molestation committed by priests of RCBO and Evanston maintains that this settlement payment exhausted the $4,000,000 general aggregate limit under the Associated Policy for the policy period June 18, 1979, through June 18, 1980. (Doc. 19 at 6:3-11, 20:5-12).

In its first counterclaim, RCBO seeks declaratory judgment that the Associated Policy does not contain an annual aggregate limit applicable to molestation claims. (Doc. 19 at 20:17 - 21:19). Evanston moves to dismiss RCBO's first counterclaim on the grounds that, as a matter of law, the Associated Policy is subject to a $4,000,000 aggregate limit of liability for each annual period which is applicable to general liability claims, such as the molestation claims at issue in the settled and pending lawsuits against RCBO.

Interpretation of an insurance policy is a question of law. *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995). Under California's well-settled principles of insurance policy interpretation, "[w]here a policy term has been judicial construed, it is not ambiguous" and the "'judicial construction of the term should be read into the policy unless the parties express a contrary intent.'" *McMilliam Homes Const., Inc. v.*

*National Fire & Marine Ins. Co.*, 35 Cal. App. 5th 1042, 1052 (2019) (citing *County of San Diego v. Ace Property & Casualty Ins. Co.*, 37 Cal. 4th 406, 423 (2005) and *Bartlome v. State Farm Fire & Casualty Co.*, 208 Cal. App. 3d 1235, 1239 (1989)).

Decisions of the United States Court of Appeals for the Ninth Circuit, United States District Court for the Central District of California, and California Court of Appeal have all interpreted the same aggregate limit of liability language at issue in the Associated Policy, concluding that the stated aggregate limit of liability applies to general liability claims, and also applies separately to claims of products liability and occupational injury. *See San Diego Unified Port Dist. v. Landmark Ins. Co.*, 809 Fed. App'x 407, 408 (9th Cir. 2020) (construing same aggregate limit language, finding that umbrella/excess policies unambiguously contemplated a general aggregate limit and only reasonable interpretation of aggregate limit language is that general covered losses are subject to an aggregate limit of liability, and that separate aggregate limits also apply to products liability and occupational injury claims); *San Bernardino County v. Ins. Co. of PA*, CV 21-01978, 2023 U.S. Dist. LEXIS 114405, at *26-31 (C.D. Cal. May 16, 2023) (construing same aggregate limit language, finding that umbrella policies unambiguously include a general liability aggregate limit, and separate aggregate limits for products liability and occupational injury claims); *Garamendi v. Mission Ins. Co.*, 131 Cal. App. 4th 30, 41-49 (2005) (construing same aggregate limit language, interpretating aggregate provision to mean that second level excess liability policy was subject to an aggregate limit of liability for general liability claims, as well as a separate aggregate limit for products liability and occupational injury claims).

Accordingly, having been judicially construed by both federal and California courts, the aggregate limit of liability provision in the Associated Policy is unambiguous and must be interpreted to include an aggregate limit of $4,000,000 for each annual period for general liability claims, such as the settled and pending molestation lawsuits against RCBO. Thus, as a matter of law, RCBO's first

counterclaim for declaratory judgment that the Associated Policy is not subject to an aggregate limit of liability for molestation claims fails to state a claim upon which relief can be granted. On that basis, Evanston's motion to dismiss RCBO's first counterclaim should be granted, without leave to amend, pursuant to Federal Rules of Civil Procedure 12(b)(6).

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof filed concurrently herewith, all pleadings and papers on file in this action, including but not limited to Defendant's Answer, Affirmative Defenses, and Counterclaim to Complaint for Declaratory Judgment and Reimbursement, filed on March 7, 2024 (Doc. 19), the exhibits thereto (Doc. 19-1 & Doc. 19-2), and upon such oral and documentary evidence as may be introduced at the hearing of this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place telephonically on April 1, 2024.

Dated: April 23, 2024

**KEASTER LAW GROUP LLP**

*/s/Robert W. Keaster*

By:________________________________

Robert W. Keaster
Michael A. Miller
Attorneys for Plaintiff
EVANSTON INSURANCE COMPANY