Robert W. Keaster (SBN 115847)
rkeaster@klgllplaw.com
Michael A. Miller (SBN 177952)
mmiller@klgllplaw.com
KEASTER LAW GROUP LLP
15490 Ventura Boulevard, Suite 210
Sherman Oaks, California 91403-3016
Telephone: (818) 385-1256
Facsimile: (818) 385-1802

Attorneys for Plaintiff/Counter-Defendant
EVANSTON INSURANCE COMPANY

Brent W. Vincent (*pro hac vice*)
brent.vincent@Lathropgpm.com
LATHROP GPM LLP
155 North Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: 312.920.3300
Facsimile: 312.920.3301
Attorney for Defendant/Counterclaim Plaintiff
THE ROMAN CATHOLIC BISHOP OF ORANGE

*Additional Counsel on Signature Page*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

EVANSTON INSURANCE COMPANY, an Illinois Corporation,

Plaintiff,

v.

THE ROMAN CATHOLIC BISHOP OF ORANGE, a California Corporation Sole,

Defendant.

THE ROMAN CATHOLIC BISHOP OF ORANGE, a California Corporation Sole,

Counterclaim Plaintiff,

v.

EVANSTON INSURANCE COMPANY, an Illinois Corporation,

Counterclaim Defendant.

Case No. 8:23-cv-02446 MRA (ADSx)

**JOINT MOTION FOR CONSIDERATION OF EVANSTON'S REQUEST FOR JUDGMENT ON THE PLEADINGS AND ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(B) AND AGREEMENT TO WAIVE ORAL ARGUMENT**

[Civil L.R. 7-1, 7-15]

Complaint filed: 12/22/2023

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on March 31, 2025, at 1:30 p.m., or as soon thereafter as the parties can be heard, in Courtroom 10B, First Street Courthouse, 350 West 1st Street, 6th Floor, Los Angeles, California 90012-4565, Plaintiff and Counterclaim Defendant Evanston Insurance Company ("Evanston") and Defendant and Counterclaim Plaintiff The Roman Catholic Bishop of Orange ("RCBO") hereby jointly move for (1) entry of judgment on the pleadings on Evanston's First Claim for Relief pursuant to Rule 12(c) of the Federal Rules of Civil Procedure consistent with the Court's December 17, 2024 Order (Doc. 55),[1] (2) entry of a final judgment in favor of Evanston on RCBO's First Counterclaim and Evanston's First Claim for Relief pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and (3) certification, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, of the Court's Aggregate Limits rulings encompassed within the judgment requested (item 2) and the related denial of RCBO's Motion for Leave to amend (Doc. 34).

The parties bring this Joint Motion to facilitate the prompt appeal of the Court's dismissal of RCBO's First Counterclaim and finding that the insurance policy at issue has an annual aggregate limit of $4,000,000 applicable to general liability claims, since the final resolution of this issue may significantly increase the potential insurance coverage available to settle the numerous underlying childhood sexual abuse claims asserted against RCBO and potentially insured by Evanston. The disposition of Evanston's First Claim for Relief and entry of a partial final judgment under Federal Rule of Civil Procedure 54(b) are necessary procedural steps for an expedited and economical review of this Order.

This Joint Motion is based on this Notice, the accompanying Memorandum of

[1] As set forth herein, the parties Stipulate to the entry of judgment on the pleadings on Evanston's First Claim for Relief to facilitate entry of final judgment under Federal Rule of Civil Procedure 54(b). Thus, each request is contingent on the other and RCBO expressly reserves the right to oppose entry of judgment on the pleadings on that Claim if the Court denies any portion of the parties' requests contained herein.

Points and Authorities, the Stipulation of all parties in support thereof, the materials filed with the Court in connection with the motions decided in the December 17, 2024 Order (Doc. 55) and those on file with this Court, and all other evidence and argument considered by the Court at or before the hearing on this Joint Motion.

Pursuant to Local Rule 7-3, the parties engaged in multiple "meet and confer" discussions beginning on December 19, 2024, and concluding on February 11, 2025. As a result of those discussions, the parties agreed to file this Motion jointly and enter into the accompanying Stipulation. While the parties have set this Joint Motion for hearing, given the parties' agreement and extensive joint Stipulation submitted with this Joint Motion, the parties are willing to have their Joint Motion decided on the papers and stipulate that it is proper for resolution without a hearing.

Dated: February 14, 2025

LATHROP GPM LLP

By: */s/ Brent W. Vincent*
An Attorney for Plaintiff
THE ROMAN CATHOLIC
BISHOP OF ORANGE

# TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1

II. RELEVANT BACKGROUND ..... 3

III. ARGUMENT ..... 6

A. The Court is Requested to Enter Judgment on the Pleadings on Evanston's First Claim for Relief ..... 6

B. The Judgment Sought Satisfies the Legal Standard Under Rule 54(b) Since the Disposition of the Annual Aggregate Limits Issue is Final and No Just Reason for Delay Exists ..... 8

C. The Order Dismissing RCBO's First Counterclaim Is an Ultimate Disposition. ..... 9

D. There Is No Just Reason to Delay an Immediate Appeal from the Court's Dismissal Order. ..... 10

1. Immediate Appellate Review Would Facilitate Settlement. ..... 11

2. Immediate Appellate Review Will Provide Definitive and Beneficial Guidance to the Court and the Parties and Streamline any Future Litigation. ..... 13

3. Immediate Appellate Review Will Limit the Need for Further Review. ..... 14

4. The Aggregate Claims Are Separate and Distinct ..... 14

5. The Need for Review Will Not Be Mooted ..... 15

6. There Is No Claim or Counterclaim That Could Result in a Set-off ..... 15

7. Entry of Final Judgment Will Not Meaningfully Delay the Proceedings. ..... 15

8. There Are No Economic or Solvency Concerns Associated with Entering Final Judgment. ..... 16

9. The Court's Denial of RCBO's Motion for Leave to Amend Should Also Be Certified for Immediate Appeal Since that Motion is Intertwined with the Appeal of the Dismissal Order. ..... 16

IV. CONCLUSION ..... 17

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
465 F.3d 946 (9th Cir. 2006) .......... 17

*Arizona State Carpenters Pension Trust Fund v. Miller*,
938 F.2d 1038 (9th Cir. 1991) .......... 9

*City of Rialto v. United States DOD*,
2008 U.S. Dist. LEXIS 139227 (C.D. Cal. Feb. 5, 2008) (Gutierrez, J.) .......... 10

*Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*,
819 F.2d 1519 (9th Cir. 1987) .......... 13

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
446 U.S. 1 (1980) .......... 8

*Garamendi v. Mission Ins. Co.*,
131 Cal. App. 4th 30 (2005) .......... 4

*Gelboim v. Bank of Am. Corp.*,
574 U.S. 405 (2015) .......... 8

*Hauck v. Advanced Micro Devices, Inc.*,
2019 U.S. Dist. LEXIS 118168 (N.D. Cal. May 6, 2019) .......... 9

*Judd v. Weinstein*,
2019 U.S. Dist. LEXIS 130902 (C.D. Cal. Apr. 2, 2019) (Gutierrez, J.) .......... 10

*KKMB, LLC v. Khader*,
2020 U.S. Dist. LEXIS 106151 (C.D. Cal. June 16, 2020) .......... 12

*Montrose Chem. Corp. v. Superior Ct.*,
861 P.2d 1153 (Cal. 1993) .......... 3

*Nirvana L.L.C. v. Marc Jacobs Int'l L.L.C.*,
2024 U.S. Dist. LEXIS 111273 (C.D. Cal. May 20, 2024) .......... 8

*San Bernardino County v. Ins. Co. of PA*,
5:21-cv-01978 (C.D. Cal. October 29, 2024) .......... 11

*San Bernardino County v. Ins. Co. of PA*,
CV 21-01978, 2023 U.S. Dist. LEXIS 114405 (C.D. Cal. May 16, 2023) .......... 5

*San Diego Unified Port Dist. v. Landmark Ins. Co.*,
809 Fed.App'x 407 (9th Cir. 2020) .......... 5

*Sears, Roebuck & Co. v. Mackey*,
351 U.S. 427 (1956) .......... 8

*Texaco, Inc. v. Ponsoldt*,
939 F.2d 794 (9th Cir. 1991) .......... 8

*U.S. Citizens Ass'n v. Sebelius*,
705 F.3d 588 (6th Cir. 2013) .......... 14

*United States v. Lummi Nation*,
763 F.3d 1180 (9th Cir. 2014) .......... 13

Statutes

California Child Victims Act .......... 2

Other Authorities

Fed. R. Civ. P. 12(b) .......... 7

Fed. R. Civ. P. 12(b)(6) .......... 4

Fed. R. Civ. P. 12(c) .......... 1

Fed. R. Civ. P. 54 .......... 17

Fed. R. Civ. P. 54(b) .......... 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

RCBO's First Counterclaim and Evanston's First Claim for Relief both seek judicial determinations as to whether the insurance policy at issue contains an annual aggregate limit of liability applicable to general liability claims, including the childhood sexual abuse claims currently pending against RCBO (collectively, the RCBO's First Counterclaim and Evanston's First Claim for Relief are referred to as the "Aggregate Claims"). This Court's recent finding that the policy provided a $4,000,000 annual aggregate limit for general liability claims, (Doc. 55), thus presents the precise gating issue that Courts have found justifies entry of judgment for purposes of immediate appeal under Federal Rule of Civil Procedure 54(b). Rule 54(b) empowers District Courts to direct entry of final judgment on certain claims when the Court's ruling on such claims is final and there is no just reason to delay entry of judgment on the final ruling. The parties here urge this Court to exercise that power and enable the resulting judgment to be immediately reviewed.

In order to facilitate this review, Evanston and RCBO first jointly request that this Court enter judgment on the pleadings per Evanston's request on Evanston's First Claim for Relief (Doc. 1) pursuant to Federal Rule of Civil Procedure Rule 12(c), which the parties, based upon the Court's prior statements, stipulate is the mirror image of RCBO's First Counterclaim (Doc. 19) and would similarly be resolved by a ruling consistent with the Court's December 17, 2024 Dismissal Order (hereafter, "Dismissal Order") (Doc. 55). Next, Evanston and RCBO jointly request that this Court then enter a final judgment on RCBO's First Counterclaim and Evanston's First Claim for Relief pursuant to Federal Rule of Civil Procedure 54(b), thus effectively severing the Aggregate Claims from the remainder of the case and

enabling their immediate review.[2] The Aggregate Claims are distinct from the issues pled in the parties' remaining claims, which have been stayed by the Court (Doc. 60) and the issue of whether the policy has an annual aggregate limit for general liability claims is sufficiently (critically) important to all parties, such that it may drive settlement of this and the underlying childhood sexual abuse claims pending against RCBO when resolved with complete finality.

In the Dismissal Order, the Court held that the insurance policy issued by Evanston's predecessor, Associated International Insurance Company ("Associated"), Associated Policy Number AEL 050384 (the "Associated Policy"), contains an annual aggregate limit of liability of $4,000,000 for general liability claims, which presently include numerous lawsuits alleging childhood sexual abuse currently pending against RCBO in the coordinated proceeding under the California Child Victims Act ("CCVA") and coordinated under case number JCCP 5101 that potentially fall within the coverage of Associated Policy (the "Underlying Claims"). *See*, Stipulation of All Parties In Support of Joint Motion for Entry of Judgment on the Pleadings as to Evanston's First Claim for Relief Pursuant to Federal Rule 12(c), Entry of Final Judgment Pursuant to Federal Rule 54(b), and For Stay of Remaining Claims filed concurrently herewith (hereafter "Stip.") at 4:10-5:5. The Court's finding significantly reduces the potential insurance coverage available for those Underlying Claims. Stip. at 7:21-26. The final resolution of the Aggregate Claims by a reviewing court will aid the parties in properly evaluating their next steps with respect to this case and the underlying CCVA claims asserted against RCBO.

Moreover, there is no just reason to delay entering judgment on the Aggregate Claims—to the contrary, there is every reason to do so now and expedite review.

---

[2] This request includes certification of the Court's denial of RCBO's Motion for Leave to file a First Amended Complaint for immediate appeal, because that Motion was decided based upon the Court's finding the aggregate limits provision was unambiguous as a matter of law in the Dismissal Order.

None of the claims remaining in this action are intertwined with the Aggregate Claims; therefore, future resolution of those remaining claims will not affect or be affected by the requested final judgment. In fact, the remaining claims have been stayed by the Court as not yet ripe for disposition pursuant to the California Supreme Court's decision in *Montrose Chem. Corp. v. Superior Ct.*, 861 P.2d 1153, 1162 (Cal. 1993) until the resolution of the Underlying Claims. (Doc. 60). Additionally, just as the Court's determination dramatically reduces the potential coverage amounts at issue in this case, it also may serve to reduce the extent of insurance coverage potentially available to RCBO from its insurance carriers providing coverage excess of the Associated Policy. Stip. at 8:20-24. Both Parties agree that the absence of a final resolution of the disputed Aggregate Claims has created a significant obstacle to settlement prior to trial, not only in this case, but in the Underlying Claims as well. Stip. at 8:20-24. Further, resolving this issue (one way or the other) as soon as possible aids RCBO and the alleged victims in understanding the funds available for the resolution of the Underlying Claims. Thus, from the perspective of all parties to this action, and many other stakeholders not before this Court, there exists no reason to delay finality and review.

## II. RELEVANT BACKGROUND

RCBO is a defendant in a coordinated proceeding that combines over two hundred lawsuits against the Diocese of Orange under the CCVA, alleging childhood sexual abuse and is coordinated under case number JCCP 5101. Stip. at 1:16-19. These Underlying Claims remain pending against RCBO. *Id.* Many of these claims potentially trigger the Associated Policy.

RCBO sought coverage for the triggered Underlying Claims under the Associated Policy. Evanston asserted several defenses to coverage and ultimately filed its Complaint (Doc. 1) on December 23, 2023, seeking a declaration as to whether it owed coverage to RCBO for the Underlying Claims and for a

determination of the scope of that coverage. The Complaint asserted three claims against RCBO: (1) a declaratory judgment that the Associated Policy contains annual aggregate limits applicable to general liability claims, including the Underlying Claims; (2) a declaratory judgment that the Underlying Claims asserted against RCBO do not constitute "occurrences," and do not trigger coverage under the Associated Policy; and (3) a claim for reimbursement of funds paid by Evanston in settlement of one of the Underlying Claims, the John OC-Doe 5 case. Doc. 1 at 6:25–8:41. The Court stayed Evanston's Second and Third Claims for Relief pending resolution of the Underlying Claims on February 6, 2025. (Doc. 60).

RCBO filed its Answer, Affirmative Defenses and Counterclaim (Doc. 19) on March 7, 2024. In its Counterclaim, RCBO asserted four counterclaims against Evanston: (1) a declaratory judgment that the Associated Policy does not contain annual aggregate limits applicable to general liability claims, including the Underlying Claims; (2) a claim for breach of contract due to Evanston's refusal to tender a full $4,000,000 per occurrence limit toward settlement of the John OC-Doe 5 case; (3) a declaratory judgment that the Underlying Claims, including the John OC-Doe 5 case, constitute "occurrences," thus triggering coverage under the Associated Policy; and (4) a declaratory judgment that there are no applicable exclusions in the Associated Policy which would preclude coverage for the Underlying Claims, including the John OC-Doe 5 case. Doc. 19 at 20:17–24:13. The Court stayed RCBO's Second, Third and Fourth Counterclaims pending resolution of the Underlying Claims on February 6, 2025. (Doc. 60).

On April 23, 2024, and pursuant to Federal Rule of Civil Procedure 12(b)(6), Evanston filed a Motion to Dismiss RCBO's First Counterclaim for declaratory judgment, arguing that the aggregate limit of liability provision in the Associated Policy is unambiguous and provides for an annual aggregate limit of liability for all general liability claims, including the Underlying Claims. Doc. 31. Evanston's

Motion to Dismiss was largely premised upon the California Appellate Court's holding in *Garamendi v. Mission Ins. Co.*, 131 Cal. App. 4th 30, 41–49 (2005). *Id.* Evanston argued that because *Garamendi* held that a similar policy provision provided an annual aggregate limit of coverage, the same interpretation must apply to the provisions in this case as a matter of law. *Id.*, relying on *San Diego Unified Port Dist. v. Landmark Ins. Co.*, 809 Fed.App'x 407, 408 (9th Cir. 2020) and *San Bernardino County v. Ins. Co. of PA*, CV 21-01978, 2023 U.S. Dist. LEXIS 114405, at *26–31 (C.D. Cal. May 16, 2023).

RCBO opposed Evanston's Motion to Dismiss, asserting that (1) it was premature and procedurally improper since RCBO had pled all elements of a claim for declaratory relief under federal law and the Parties were at issue on Evanston's First Claim for Relief, (2) the interpretation of the aggregate limits provision in *Garamendi* is not fixed in law since that provision was held to be "not just ambiguous, but nearly incoherent" and the *Garamendi* Court construed that ambiguous provision, as required by California law, in a manner beneficial to the policyholder, and (3) dismissal was improper before the parties took discovery regarding their intent and reasonable expectations in drafting the provision at issue. Doc. 35.

On July 10, 2024, RCBO filed a Motion for Leave to Amend its Counterclaims (Doc. 34) to include additional details concerning RCBO's insurance policies in effect below, above, before, and after the Associated Policy and alleging that information from third party sources indicated that policies issued at the time the Associated Policy was issued were not intended to have aggregate limits. Evanston opposed the Motion for Leave on timeliness and merits grounds. Doc. 37.

On December 17, 2024, the Court entered an Order (Doc. 55) granting Evanston's Motion to Dismiss RCBO's First Counterclaim and denying RCBO's Motion for Leave to Amend its Counterclaims. In granting Evanston's Motion to

Dismiss, the Court found "that the policy contains a $4 million aggregate limit for general liability claims, and separate aggregate limits for products liability and occupational injury." Doc. 55 at 12:18-20. The Court further found that "[b]ecause the language at issue has been judicially construed in the context of other form policies, the Court finds that as a rule of insurance policy interpretation, the aggregate limit provision at issue here is unambiguous as a matter of law." Doc. 55 at 12:11-13.

Evanston's First Claim for Relief, which also seeks a declaration that the aggregate limits of liability clause in the Associated Policy is unambiguous and that the Associated Policy has an annual aggregate limit of $4,000,000 for all general liability claims, including the Underlying Claims, remains pending. Doc. 1. Evanston has objected to RCBO's discovery regarding Evanston's First Claim for Relief, asserting that because the aggregate limits of liability clause is unambiguous, the discovery is not relevant. Stip. at 5:19-23. RCBO has prepared a Motion to Compel Evanston's responses to this discovery. *Id.*

## III. ARGUMENT

Not only does the Court's dismissal of the Aggregate Claims satisfy the prerequisites for entry of a partial final judgment under Rule 54(b), there also are sound reasons for this Court to take that step—for the benefit of the Parties and the Court.

### A. The Court is Requested to Enter Judgment on the Pleadings on Evanston's First Claim for Relief

The Court indicated a willingness to grant Evanston's First Claim for Relief in the Dismissal Order, stating:

- "the parties' claims for declaratory judgment as to the interpretation of the aggregate limit provision are 'mirror image[s]' of one another;"

- "in moving to dismiss RCBO's mirror Counterclaim …, Evanston effectively seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c);" and
- "[b]ecause the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its 12(c) analog."

The Court then proceeded to grant Evanston's Motion to Dismiss RCBO's "mirror-image" First Counterclaim and held that the Associated Policy provided an annual aggregate limit of liability for general liability claims as a matter of law.

Evanston has since requested that RCBO agree to the entry of judgment in its favor on its' First Claim for Relief. Based on the above, as well as in the interest of judicial economy and to facilitate the entry of final judgment, the Parties have Stipulated that they anticipate that the Court would enter judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) based on Evanston's request consistent with the Dismissal Order and would issue a declaratory judgment in favor of Evanston that the Associated Policy had an annual aggregate limit of liability of $4,000,000 for general liability claims on that Claim. The Parties have further Stipulated that, if Evanston were to seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), they would assert the same arguments and cite the same facts and authorities that they relied upon in briefing and orally arguing Evanston's Motion to Dismiss. Stip. at 6:6-10.

The parties therefore have Stipulated to the entry of judgment on the pleadings in favor of Evanston on its' First Claim for Relief, to the extent the Court also enters final judgment pursuant to Federal Rule of Civil Procedure 54(b) on that Claim and RCBO's First Counterclaim.[3]

---

[3] RCBO agrees to entry of judgment on the pleadings to facilitate entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) and reserves its right to oppose a Rule 12(c) Motion if the Court declines the parties' request to enter final judgment.

### B. The Judgment Sought Satisfies the Legal Standard Under Rule 54(b) Since the Disposition of the Annual Aggregate Limits Issue is Final and No Just Reason for Delay Exists.

In multi-claim actions such as this one, Rule 54(b) authorizes the Court to enter a final judgment as to fewer than all claims if there is a final adjudication and "no just reason for delay." Fed. R. Civ. P. 54(b). Here, the Parties agree that the Court's Dismissal Order resolves the Aggregate Claims under the Associated Policy. Further, consideration of the factors the Supreme Court and Ninth Circuit commonly consider leads to the conclusion that there is no "just reason" for delay.

Rule 54(b) "provide[s] a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956) (emphasis in original). The Supreme Court has confirmed that the Rule's "aim [is] to augment, not diminish, appeal opportunity." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 410 (2015). In determining whether to enter a final judgment under Rule 54(b), the Court must analyze two issues. *Curtiss-Wright Corp.*, 446 U.S. at 7–8.

First, the Court must determine whether there is "a 'judgment' in the sense that there is a decision upon a cognizable claim for relief" and whether that decision is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id*. at 7 (quoting *Sears, Roebuck & Co.*, 351 U.S. at 436).

Second, the Court must decide whether there is "any just reason" to delay an appeal of the final decision on an individual claim by balancing the judicial administrative interests and equities involved. *Curtiss-Wright*, 466 U.S. at 8. This analysis includes the consideration of whether "'an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims.'" *Nirvana L.L.C. v. Marc Jacobs Int'l L.L.C.*, 2024 U.S. Dist. LEXIS 111273, at *6

(C.D. Cal. May 20, 2024) (quoting *Curtis-Wright*, 466 U.S. at 8 n.2). Ultimately, this Circuit has concluded that "Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case[ ]" and appellate resolution of the legal issues implicated will "streamline the ensuing litigation." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–798 (9th Cir. 1991) (citation omitted). The instant request satisfies each of the requirements.

### C. The Order Dismissing RCBO's First Counterclaim Is an Ultimate Disposition.

The Court's Dismissal Order is a final decision because it is an "ultimate disposition" of "a cognizable claim for relief"— RCBO's and Evanston's claims for declaratory relief as to the construction of the aggregate limits provision. The Dismissal Order dismissed RCBO's declaratory relief claim in its entirety as a matter of law, thereby "end[ing] the litigation on the merits" regarding the interpretation of the aggregate limits provision and "leav[ing] nothing for the court to do but execute the judgment" as to that claim. *Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991) (internal quotations and citations omitted). Indeed, the dismissal of a discrete claim for relief is the paradigmatic final decision for purposes of Rule 54(b). *See Sears, Roebuck & Co.*, 351 U.S. at 436 (holding that dismissal of individual claims in a plaintiff's complaint triggers applicability of Rule 54(b)); *Hauck v. Advanced Micro Devices, Inc.*, 2019 U.S. Dist. LEXIS 118168, at *4 (N.D. Cal. May 6, 2019) (dismissal of "causes of action with prejudice [] constitutes a 'final decision' on those claims" under Rule 54(b)).

The Dismissal Order plainly states that it is resolving the annual aggregate limits issue, finding that "the aggregate limit provision at issue here is unambiguous as a matter of law," "is subject to only one reasonable interpretation" and that "amendment would be futile." Doc. 55 at 15:18-22; 19:1-4. The parties have Stipulated, for purposes of this Combined Motion, that by resolving RCBO's

"mirror-image" Counterclaim for declaratory relief, the Dismissal Order would similarly conclusively resolve Evanston's First Claim for Relief, if judgment were sought on that Claim. *Id.* Accordingly, the Dismissal Order operates as a final disposition of RCBO's First Counterclaim and Evanston's First Claim for Relief.

**D. There Is No Just Reason to Delay an Immediate Appeal from the Court's Dismissal Order.**

Upon determining that its decision is final, a court "must then determine 'whether there is any just reason for delay." *Judd v. Weinstein*, 2019 U.S. Dist. LEXIS 130902, at *7 (C.D. Cal. Apr. 2, 2019) (Gutierrez, J.) (citing *Curtiss-Wright*, 466 U.S. at 8). In making this determination, this Court has looked to the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims;
>
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
>
> (3) the possibility that the reviewing court might be obliged to consider the same issue twice;
>
> (4) the presence or absence of a claim that could result in a set-off against the judgment sought to be made final; and
>
> (5) other miscellaneous factors, such as delay, economic and solvency concerns, shortening the time of trial, and the frivolity of competing claims.

*Id.* (citation omitted). The Supreme Court further provides that entry of a Rule 54(b) interim final judgment is particularly appropriate where "an appellate resolution" of the final decision at issue "would facilitate a settlement of the remainder of the claims." *Curtiss-Wright*, 446 U.S. at 8 n.2 (citation omitted).

Importantly, no one factor is dispositive under this analysis, and the moving party need not show that each factor supports entry of judgment. *See, e.g.*, *City of Rialto v. United States DOD*, 2008 U.S. Dist. LEXIS 139227, at *5–6 (C.D. Cal. Feb. 5, 2008) (Gutierrez, J.) (granting motion where only three factors favored entering

judgment); *Judd*, 2019 U.S. Dist. LEXIS 130902, at *8 (granting motion where only three factors favored entering judgment). Here, the Parties agree that each of the relevant factors supports entry of final judgment on the Aggregate Claims.

**1. Immediate Appellate Review Would Facilitate Settlement.**

The Parties agree that entry of final judgment on the Aggregate Claims, allowing for immediate Ninth Circuit review of the Court's dismissal of RCBO's claim as well as its aggregate limit determination, "would facilitate a settlement of the remainder of the claims," including the Underlying Claims. *Curtiss-Wright*, 446 U.S. at 8 n.2 (citation omitted); *see also Judd*, 2019 U.S. Dist. LEXIS 130902, at *12 (noting "the need for appellate review of an important issue" as a relevant factor); *see also San Bernardino County v. Ins. Co. of PA*, 5:21-cv-01978 (C.D. Cal. October 29, 2024) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 n.2 (1980)) (holding that "entry of final judgment on the County's declaratory relief claim, allowing for Ninth Circuit review of the Court's dismissal of that claim and its aggregate limit ruling, 'would facilitate settlement of the remainder of the claims,' thus favoring entry of judgment").

Throughout this litigation, the Parties have engaged in settlement discussions regarding the scope of coverage under the Associated Policy, as well as negotiations to resolve the Underlying Claims on an individual and global basis. A major stumbling block in resolving this claim and the Underlying Claims has been the interpretation of the aggregate limits provision. Stip. at 8:20-24. When interpreted as having an annual aggregate limit for general liability claims, the total amount potentially available to RCBO under the Associated Policy is $16,000,000 ($4,000,000 for each of the four Associated Policy years), less the sums previously paid by Evanston on behalf of RCBO in the settlement of claims. In contrast, without annual aggregate limits for general liability claims, the Associated Policy potentially provides an annual per occurrence limit of $4,000,000 for numerous Underlying

Claims against RCBO that may trigger the Associated Policy. This is clearly a significant difference and a steep barrier to resolution.

Likewise, RCBO is in litigation with the carriers who issued the insurance policies sitting excess of the Associated Policy over the interpretation of the aggregate limits provisions in those policies. Thus, there also may be a significant difference in the amounts potentially available to RCBO under those policies depending on whether there is an annual aggregate limit for general liability claims or a per occurrence limit for those claims. The resolution of the present dispute will likewise possibly facilitate the settlement of RCBO's coverage disputes with these carriers.

Further, an immediate appeal will likely accelerate the resolution of the Underlying Claims – which are proceeding. Given the value and number of the Underlying Claims and the amounts at issue in the Aggregate Claims, a delay in determining the amounts potentially available from RCBO's insurers while the Underlying Claims proceed may delay the settlement of those Claims or make their settlement nearly impossible. In contrast, final knowledge of the sums potentially available from its insurers will assist RCBO in resolving the Underlying Claims and assist the Underlying plaintiffs in evaluating the values of those Claims.

Accordingly, immediate resolution of the Aggregate Claims on appeal will have a great effect on the parties' ability to resolve this and the Underlying Claims, which are pending and proceeding toward bellwether trials. *See, e.g.*, *KKMB, LLC v. Khader*, 2020 U.S. Dist. LEXIS 106151, at *5 (C.D. Cal. June 16, 2020) (agreeing to enter final judgment on policyholder's "declaratory relief claim" because it would "contribute to resolution of related cases concerning the [insurance] benefits of the two policies" at issue). This factor weighs heavily in favor of entry of final judgment.

### 2. Immediate Appellate Review Will Provide Definitive and Beneficial Guidance to the Court and the Parties and Streamline any Future Litigation.

In addition to the impact entry of final judgment would have on settlement, immediate appellate resolution of the Aggregate Claims will also streamline future litigation. For example, RCBO is prepared to file a Motion to Compel discovery from Evanston. This Motion, which largely concerns documents and information relevant to the aggregate limits provision, will be mooted by either result on appeal. Entry of final judgment, given the parties' Stipulation, would also resolve Evanston's First Claim for Relief and obviate further motion practice on that Claim. In contrast, delaying appellate review of the Court's Dismissal Order will leave this issue interlocutory and require further, potentially unnecessary litigation in this case.

Further, entry of final judgment will effectively stay the entirety of this case, since all of the remaining claims outside of the Aggregate Claims have been stayed by the Court as unripe (Doc. 60) pursuant to the California Supreme Court's decision in *Montrose Chem. Corp. v. Superior Ct.*, 861 P.2d 1153, 1162 (Cal. 1993) until the resolution of the Underlying Claims.

Thus, absent a prompt appeal, the resolution of both the Aggregate Claims and the remaining claims would be on hold while the litigation of the Underlying Claims plays out – delaying the resolution of this case and the settlement of the Underlying Claims and denying appellate guidance to the various stakeholders. Rule 54(b) is designed to prevent such a log jam. This factor also favors Rule 54(b) certification given that the Rule is intended to be applied using a "pragmatic approach focusing on severability and efficient judicial administration." *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) (affirming Rule 54(b) certification on the district court's partial summary judgment rulings which "were sufficiently severable factually and legally from the remaining matters" and completely extinguished a defendant's liability as to a claim).

**3. Immediate Appellate Review Will Limit the Need for Further Review.**

Once the Ninth Circuit rules on the Aggregate Claims, those Claims will (most likely) not be subject to further review, and the Circuit's ruling will be law of the case and binding on the Parties. *See United States v. Lummi Nation*, 763 F.3d 1180, 1185 (9th Cir. 2014) ("'Under the [law of the case] doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case.'") (citation omitted). The remaining issues in the case, as discussed above, are stayed and thus are entirely separate from the aggregate limits issue. Accordingly, this factor, too, supports entry of final judgment on the Dismissal Order. *See City of Rialto*, 2008 U.S. Dist. LEXIS 139227, at *6 (finding factor to favor entry of judgment where, after the Ninth Circuit rules on the issue, "that issue will not require relitigation"); *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 596 (6th Cir. 2013) (agreeing that this factor favored entry of judgment where the issues raised by the dismissed claims were "independent" from the issues of the remaining claim, "making it unlikely that the appellate court would be required to consider the same issue twice").

**4. The Aggregate Claims Are Separate and Distinct.**

The Aggregate Claims seek relief that is legally and factually distinct from the remaining claims, which, as detailed above, are stayed pending resolution of the Underlying Claims. Accordingly, since the Aggregate Claims are separate and distinct from the remaining claims, this factor similarly favors entering judgment on the Aggregate Claims. *See Judd*, 2019 U.S. Dist. LEXIS 130902, at *8–10 (finding factor to favor entry of judgment because the "legal conclusions about [the dismissed claim] are completely distinct from any legal question that will arise in adjudicating Plaintiff's remaining claims"); *City of Rialto*, 2008 U.S. Dist. LEXIS 139227, at *5 (finding that factor favored judgment where the court ruled on plaintiff's dismissed

claim "based on a purely legal issue" and plaintiff's "remaining claims . . . involve different factual and legal issues").

**5. The Need for Review Will Not Be Mooted.**

Likewise, an immediate appeal of the Dismissal Order will not be mooted by further developments in this Court. As set forth above, the remaining claims are stayed and will not be affected by the resolution of this issue on appeal. Thus, any adjudication of the remaining claims would not moot an appeal and decision from the Ninth Circuit on the merits of the Dismissal Order. *See City of Rialto*, 2008 U.S. Dist. LEXIS 139227, at *5–6 (factor favored judgment because the adjudication of plaintiff's remaining claims would not foreclose the plaintiff's dismissed claims); *Judd*, 2019 U.S. Dist. LEXIS 130902, at *11–12 (finding factor favored entry of judgment where "the Ninth Circuit may be able to rule on the viability of Plaintiff's [dismissed] claim before the other claims got to trial").

**6. There Is No Claim or Counterclaim That Could Result in a Set-off.**

This factor favors entry of judgment as well. The claims at issue seek only declaratory relief, not damages or monetary relief. *See* Doc. 1 at 7:6-8; Doc. 19 at 21:16-21 (relief requested on declaratory relief claims was for a "judicial declaration that its $4,000,000 annual aggregate limit of liability under the Associated Policy applies to all past and present sexual molestation claims made against RCBO" and for a "declaration that there is no annual aggregate under the Associated Policy," *not* for damages). Critically, neither Party has asserted any claims in this case that could result in a set off.

**7. Entry of Final Judgment Will Not Meaningfully Delay the Proceedings.**

Permitting an immediate appeal now would not delay the disposition of the Parties' remaining claims because those claims are stayed pending resolution of the

Underlying Claims. Likewise, a prompt decision by the Ninth Circuit on the Aggregate Claims greatly increases the probability of a negotiated resolution of this action and the Underlying Claims. Thus, this factor also favors certification for appeal under Rule 54(b).

**8. There Are No Economic or Solvency Concerns Associated with Entering Final Judgment.**

Finally, there are no economic or solvency concerns arising from the entry of final judgment on the annual aggregate limit claims. RCBO's First Counterclaim and Evanston's First Claim for Relief are claims for declaratory judgment, wherein no monetary award was entered. In fact, the only solvency concerns would occur if the entry of final judgment was delayed, as detailed herein. Thus, this factor, too, provides further support for entering judgment.

All factors in the controlling analysis here favor an immediate appeal. Even if they did not, no one factor in the controlling analysis weighing in favor of Rule 54(b) is dispositive, and all factors do not need to be met. Rather, the salient issue is whether an immediate appeal on the entry of judgment makes good sense for the Parties and the Court. Here, both Parties agree that an analysis of the relevant factors makes that answer a resounding "yes," and they request that this Court accordingly exercise its discretion and grant this Motion. ").

**9. The Court's Denial of RCBO's Motion for Leave to Amend Should Also Be Certified for Immediate Appeal Since that Motion is Intertwined with the Appeal of the Dismissal Order.**

RCBO's Motion for Leave sought to file a First Amended Complaint to include additional details concerning RCBO's insurance policies in effect below, above, before, and after the Associated Policy and allegations that information from third party sources indicated that policies issued at the time the Associated Policy was issued were not intended to have aggregate limits. In accordance with its

findings in the Dismissal Order, the Court also denied RCBO's Motion for Leave on the basis that, "because RCBO's proposed first amended counterclaim would be subject to dismissal for the same reasons as its current Counterclaim, the Court finds that further amendment would be futile." Doc. 55 at 19:1-3. Specifically, the Court held that since the aggregate limits provision unambiguously provided an annual aggregate limit of $4,000,000 for general liability claims as a matter of law that additional factual allegations would not change its interpretation of the provision. Thus, the denial of the Motion for Leave was predicated upon the Court's ruling on the Aggregate Claims.

As Courts in this Circuit have observed, "Rule 54(b) certification is scrutinized to 'prevent piecemeal appeals.'" *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–98 (9th Cir. 1991). Certifying the denial of leave to amend to RCBO fits perfectly within this rule, because that denial is premised on the findings within the Dismissal Order and flow logically from it. Indeed, the Court in *Texaco*, after noting that trial courts are entitled to great deference on the issues they decide to certify, reviewed exactly the issue of whether leave to amend should have been granted. *Id.*; accord, *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (affirming Rule 54 certification of judgment and related denial of leave to amend). Thus, for the same reasons as those analyzed above, and following *Texaco* and others, this Court should also certify the denial of leave to amend concurrently with the substantive issues embraced in the proposed judgment.

## IV. CONCLUSION

For the reasons set forth above, RCBO and Evanston respectfully request the Court to (1) enter judgment on the pleadings on Evanston's First Claim for Relief under Federal Rule of Civil Procedure 12(c) based on this Court's ruling in the Dismissal Order, if it enters final judgment on the Aggregate Claims, (2) declare that the Dismissal Order and the Order entering judgment on the pleadings are final, that

there is no just reason for delaying entry of final judgment on those Orders, and enter final judgment on those Orders under Federal Rule of Civil Procedure 54(b), and (3) certify the denial of RCBO's Motion for Leave as similarly final, encompassed in the judgment, and find there is no just reason for delaying entry of final judgment on the Order and enter final judgment on that Order under Federal Rule of Civil Procedure 54(b). A Proposed Order and a Proposed Judgment are attached hereto.

Dated: February 14, 2025

**LATHROP GPM LLP**

*/s/ Brent W. Vincent*

Todd C. Theodora (Bar No. 120426)
TTheodora@tocounsel.com
Andrew B. Breidenbach (Bar No. 281586)
abreidenbach@tocounsel.com
THEODORA ORINGHER PC
535 Anton Blvd., Suite 900
Costa Mesa, CA 92626
Telephone: 714.549.6200
Facsimile: 714.549.6201

Ronald A. Valenzuela (Bar No. 210025)
ronald.valenzuela@lathropgpm.com
LATHROP GPM LLP
2049 Century Park East, Suite 3500S
Los Angeles, California, 90067-1623
Telephone: 310.789.4600
Facsimile: 310.789.4601

Brent W. Vincent (*pro hac vice*)
brent.vincent@lathropgpm.com
LATHROP GPM LLP
155 North Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: 312.920.3300
Facsimile: 312.920.3301

Attorneys for Defendant/Counterclaim Plaintiff The Roman Catholic Bishop of Orange