JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

EVANSTON INSURANCE COMPANY, an Illinois Corporation,

Plaintiff,

vs.

THE ROMAN CATHOLIC BISHOP OF ORANGE, a California Corporation Sole,

Defendant.

THE ROMAN CATHOLIC BISHOP OF ORANGE, a California Corporation Sole,

Counterclaim Plaintiff,

vs.

EVANSTON INSURANCE COMPANY, an Illinois Corporation,

Counterclaim Defendant.

Case No. 8:23-cv-02446 MRA (ADSx)

**ORDER GRANTING JOINT MOTION FOR CONSIDERATION OF EVANSTON'S REQUEST FOR JUDGMENT ON THE PLEADINGS AND ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(B) [ECF 61]**

Before the Court is the parties' Joint Motion for Consideration of Evanston's Request for Entry of Judgment on the Pleadings and Entry of Final Judgment Pursuant to Federal Rule 54. ECF 61. The Court read and considered the Joint Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the Motion.

## I. BACKGROUND

On December 22, 2023, Plaintiff Evanston Insurance Company ("Evanston") filed the instant action against The Roman Catholic Bishop of Orange ("RCBO"), seeking a judgment declaring the respective rights and obligations of the parties under an umbrella/excess liability insurance policy, Policy No. AEL 050384, issued by its predecessor-in-interest, Associated International Insurance Company (the "Associated Policy"). *Id.* ¶ 1. Specifically, Evanston asserts the following claims for relief: (1) a judicial declaration that the $4 million annual aggregate limit of liability under the Associated Policy applies to all past and present sexual molestation claims made against RCBO, including the John OC-5 DOE Lawsuit and Southern California Clergy Cases, and that once it pays its agreed-upon contribution to the settlement of the John OC-5 DOE Lawsuit, that Evanston will have exhausted its indemnity obligation under the Associated Policy for the June 18, 1979 – June 18, 1980 policy period; (2) a judicial declaration that the claims asserted against RCBO in the John OC-5 DOE Lawsuit are not covered under the Associated Policy because they do not arise out of an "occurrence;" and (3) reimbursement of its $2,585,750 contribution to the settlement of the John OC-5 DOE Lawsuit, to the extent that any portion of the settlement contribution is attributable to claims that do not arise out of an "occurrence" and/or claims which relate to sexual molestation by Widera. ECF 1 ¶¶ 29-41.

On March 7, 2024, RCBO filed its Answer, Affirmative Defenses, and Counterclaim to Plaintiff's Complaint. ECF 19. RCBO asserts the following

counterclaims against Evanston: (1) a judicial declaration that there is no annual aggregate under the Associated Policy applicable to the subject molestation claims, and that the annual per occurrence limit of liability under the Associated Policy is $4,000,000; (2) breach of contract for Evanston's refusal to tender the $4,000,000 annual per occurrence limit of liability toward the settlement of the John OC-5 DOE Lawsuit; (3) a judicial declaration that the claims asserted in the John OC-5 DOE Lawsuit constitute an "occurrence" under the Associated Policy; and (4) a judicial declaration that there are no applicable exclusions that would remove the John OC-5 DOE Lawsuit from coverage under the Associated Policy. *Id.* ¶¶ 28-50, at 20-24.

On December 17, 2024, the Court granted Evanston's Motion to Dismiss RCBO's First Counterclaim and denied RCBO's Motion for Leave to Amend its Counterclaim (the "Dismissal Order"). ECF 55. In reaching that determination, the Court found that the aggregate limits of liability clause in the Associated Policy was unambiguous and held that the Associated Policy had an annual aggregate of $4,000,000 for general liability claims, including the Underlying Claims, as a matter of law. *Id.* The Court observed in relevant part that Evanston's First Claim for Relief and RCBO's First Counterclaim are "mirror images" of one another and that Evanston and RCBO effectively "seek countervailing declaratory judgments that the Associated Policy does or does not include an annual aggregate limit for general liability claims." *Id.* at 8.

On February 5, 2025, the parties filed a Joint Stipulation to Stay Evanston's Second and Third Claims for Relief and RCBO's Second, Third, and Fourth Counterclaim. ECF 59. The parties stated that "[t]he aggregate issue is a critical issue to the [p]arties, given the large number of potentially covered Underlying Claims and the significant difference in the amount of insurance funds potentially available to RCBO for the Underlying Claims depending upon whether there is an annual aggregate limit of liability." *Id.* at 2. The parties expressed their intent to file

a separate motion seeking entry of final judgment on Evanston's First Claim for Relief and RCBO's First Counterclaim to "allow for the immediate appeal of the Dismissal Order on the critical aggregate limits issue." *Id.* The Court granted the parties' request for a stay of all other claims in this action. ECF 60.

## II. LEGAL STANDARDS

### A. Judgement on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings are "functionally identical to Rule 12(b)(6) motions." *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021) (quoting *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)) (internal quotation marks omitted). "[W]hen ruling on either type of motion 'courts must consider the complaint in its entirety, as well as other sources . . . , in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). A court may not look beyond the pleadings to resolve an issue. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989); *cf. Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1301 (9th Cir. 1982) (discussing Fed. R. Civ. P. 12(b)(6)). Judgment is "properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *San Francisco Taxi Coal. v. City & Cnty. of San Francisco*, 979 F.3d 1220, 1223 (9th Cir. 2020).

### B. Partial Judgment

Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Under Rule 54(b)'s first requirement, the Court must determine whether there is "a 'judgment' in the sense that it is a decision upon

a cognizable claim for relief" and whether that decision is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Under Rule 54(b)'s second requirement for entry of final judgment, the Court must decide whether there is "any just reason" for delaying an appeal of the final judgment on an individual claim by balancing the judicial administrative interests and equities involved. *Id.* at 8.

## III. <u>DISCUSSION</u>

### A. Evanston's First Claim for Relief and RCBO's First Counterclaim

The parties now stipulate that the Court's statements in its ruling in the Dismissal Order indicate that the Court would resolve Evanston's first claim for relief in a manner consistent with the Dismissal Order, if judgment on that Claim was requested. The parties therefore stipulated that the Court concurrently consider a request by Evanston for judgment pursuant to Rule 12(c), that RCBO be deemed to have submitted the same arguments and evidence submitted in response to the motions that precipitated the Dismissal Order, and that Evanston be deemed to have submitted the same arguments and evidence in support of its prior Rule 12(b)(6) Motion, its Reply in support of that Motion and all arguments presented during the hearing on that Motion. They move the Court to enter final judgment on its Dismissal Order and on Evanston's First Claim for Relief pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

The Court finds that the same rationale set forth in its Dismissal Order resolves Evanston's First Claim for Relief and RCBO's First Counterclaim as a matter of law. The Court accordingly enters judgment on the pleadings in favor of Evanston on its First Claim for Relief pursuant to Federal Rule of Civil Procedure 12(c) consistent with the Dismissal Order. The Court finds that Rule 54(b)'s prerequisites are satisfied here because the Dismissal Order is a final decision and there is no "just

reason" for delaying entry of final judgment on that Order and on the Order granting Evanston's First Claim for Relief.

Under Rule 54(b)'s first requirement, the Court finds its Dismissal Order and judgment on Evanston's First Claim for relief are final decisions because they constitute the "ultimate disposition" of "a cognizable claim for relief," both RCBO's First Counterclaim seeking a declaration that the aggregate limits provision in the Associated Policy does not contain an annual aggregate limit for general liability claims and Evanston's "mirror image" First Claim for Relief seeking a declaration that the aggregate limits provision in the Associated Policy does contain an annual aggregate limit for general liability claims like the Underlying Claims. The Dismissal Order dismissed RCBO's First Counterclaim *in its entirety*, thereby "end[ing] the litigation on the merits" regarding the construction of the aggregate limits provision and "leav[ing] nothing for the court to do but execute the judgment" as to that claim and similarly has "end[ed] the litigation on the merits" as to Evanston's First Claim for Relief. *Ariz State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991). The same is true with respect to this Order under Rule 12(c).

Under Rule 54(b)'s second requirement, "a court considers 'judicial administrative interests as well as the equities involved,'" including whether "a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims." *Nirvana L.L.C. v. Marc Jacobs Int'l L.L.C.*, 2024 U.S. Dist. LEXIS 111273, at *6 (C.D. Cal. May 20, 2024) (quoting *Curtis-Wright*, 466 U.S. at 8 & n.2). The Court also considers the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims, (2) the possibility that the need for review might or might not be mooted by future developments in the district court, (3) the possibility that the reviewing court might be obliged to consider the same issue twice, (4) the presence or absence of a claim that could result in a set-off against the judgment sought to be made final, and (5) other

> miscellaneous factors, such as delay, economic and solvency concerns, shortening the time of trial, and the frivolity of competing claims.

*Judd v. Weinstein*, 2019 U.S. Dist. LEXIS 130902, at *8 (C.D. Cal. Apr. 2, 2019) (citing *Curtiss-Wright*, 466 U.S. at 8). These factors, on balance, demonstrate that there is no just reason to delay entry of final judgment on the Court's Dismissal Order and Evanston's First Claim for Relief.

First, entry of final judgment allowing for Ninth Circuit review of the Court's Dismissal Order and Evanston's First Claim for Relief "would facilitate a settlement of the remainder of the claims," thus favoring entry of judgment. *Curtiss-Wright*, 446 U.S. at 8 n.2 (citation omitted); *see also Judd*, 2019 U.S. Dist. LEXIS 130902, at *12 (noting "the need for appellate review of an important issue" as a relevant factor). As a result of these rulings, RCBO's potential recovery under the Associated Policy (and possibly the policies sitting excess of that Policy) has been substantially reduced, and a definitive determination on that recovery would facilitate settlement negotiations between the parties here and in the Underlying Claims, as well as provide guidance on any further proceedings in this action. It could also impact other claims implicating the same insurance provisions. *See*, *e.g.*, *KKMB, LLC v. Khader*, 2020 U.S. Dist. LEXIS 106151, at *5 (C.D. Cal. June 16, 2020) (agreeing to enter final judgment on policyholder's "declaratory relief claim" because it would "contribute to resolution of related cases concerning the [insurance] benefits of the two policies" at issue).

Second, RCBO's First Counterclaim and Evanston's First Claim for Relief are distinct from the remaining claims in this case, which have been stayed by this Court. ECF 60. This factor, thus, similarly favors entering judgment on the declaratory relief claims regarding the aggregate limit of liability.

Third, a trial of the remaining declaratory judgment and breach of contract claims would not moot the need for review of the Court's Dismissal Order. As noted

above, the remaining claims are stayed, not yet ripe for disposition and concern different factual and legal issues. Thus, judgment following a trial on these claims would not moot a decision from the Ninth Circuit on the merits of the Dismissal Order.

Fourth, there is no claim or counterclaim that could result in a set-off against the judgment on RCBO's First Counterclaim and Evanston's First Claim for Relief. Similarly, there are no economic or solvency concerns that would arise from entering the requested final judgment.

Finally, entry of final judgment will not meaningfully delay the proceedings and, as noted, an immediate appeal of that judgment and Ninth Circuit ruling could hasten a settlement between the parties that would obviate the need for a trial or any further proceedings in this Court.

Ultimately, "Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case[ ]" and appellate resolution of the legal issues implicated will "streamline the ensuing litigation." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–798 (9th Cir. 1991) (citation omitted). For the reasons discussed, entry of final judgment would accomplish these aims. Accordingly, the Joint Motion for Entry of Final Judgment Pursuant to Rule 54(b) is **GRANTED** and the issue of whether the aggregate limits provision in the Associated Policy imposes an annual aggregate limit for general liability claims is certified for immediate appeal. The Court hereby enters final judgment in favor of Evanston and against RCBO on RCBO's First Counterclaim and on Evanston's First Claim for Relief pursuant to Federal Rule of Civil Procedure Rule 54(b) consistent with the Dismissal Order.

**B. RCBO's Motion for Leave to Amend its Counterclaim**

The Court denied the RCBO's Motion for Leave to Amend its Counterclaim as futile given its finding that the aggregate limits provision in the Associated Policy is unambiguous and provides an annual aggregate limit of $4,000,000 for general liability claims as a matter of law. The Court thus finds that the RCBO's Motion for

Leave is intertwined with the grant of Evanston's Motion to Dismiss in the Dismissal Order and will be resolved by the disposition of the aggregate limits issue on appeal. Accordingly, the denial of RCBO's Motion for Leave is certified for immediate appeal pursuant to Rule 54(b) consistent with the Dismissal Order and as a component part of all substantive issues encompassed by the Judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Joint Motion for Consideration of Evanston's Request for Judgment on the Pleadings and Entry of Final Judgment Pursuant to Federal Rule 54. The Court further **ORDERS** as follows:

1. Judgment is entered on Evanston's First Claim for Relief pursuant to Rule 12(c).

2. Final judgment is entered in favor of Evanston and against RCBO on Evanston's First Claim for Relief and RCBO's First Counterclaim pursuant to Federal Rule of Civil Procedure Rule 54(b); and

3. The denial of RCBO's Motion for Leave to Amend its Counterclaim is expressly certified for immediate appeal, together with the remaining substantive issues encompassed within the judgment on the two parties' First Claims for Relief pursuant to Federal Rule of Civil Procedure 54(b).

4. This case shall be stayed and administratively closed pending appeal.

**IT IS SO ORDERED.**

Dated: April 22, 2025

HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE