**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois corporation,<br><br>           Plaintiff-ctr-defendant - Appellee,<br><br>  v.<br><br>ROMAN CATHOLIC BISHOP OF ORANGE,<br><br>           Defendant-ctr-claimant - Appellant. | No. 25-3165<br><br>D.C. No.<br>8:23-cv-02446-MRA-ADS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Monica Ramirez Almadani, District Judge, Presiding

Submitted April 14, 2026[**]
Pasadena, California

Before: PAEZ, CALLAHAN, and BUMATAY, Circuit Judges.

The Roman Catholic Bishop of Orange ("the Diocese") appeals from the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's entry of judgment on the pleadings granting Evanston Insurance Company's ("Evanston") first claim and denying the Diocese's first counterclaim and its motion for leave to amend the counterclaim. Both Evanston's claim and the Diocese's counterclaim sought a declaratory judgment establishing the meaning of a liability insurance agreement (the "Associated Policy") between the Diocese and Evanston's predecessor-in-interest, Associated International Insurance Company. The motion for leave to amend sought to add allegations pertinent to the first counterclaim.

The district court granted Evanston's motion to dismiss the Diocese's first counterclaim, holding that California case law rendered the disputed language in the Associated Policy unambiguous as a matter of law and contrary to the Diocese's preferred interpretation. And because the contract language was unambiguous, any amendments to the Diocese's pleadings related to extrinsic evidence were denied as futile. At the parties' request, the district court granted judgment on the pleadings and entry of final judgment under Federal Rule of Civil Procedure 54(b) on the same grounds. But during the pendency of this appeal, this court published contrary case law. *See County of San Bernardino v. Ins. Co. of the State of Pennsylvania*, No. 24-6986, 2026 WL 1099254 (9th Cir. Apr. 23, 2026). Accordingly, we vacate the district court's order and remand for further consideration.

This court has jurisdiction under 28 U.S.C. § 1291. We review the district

court's entry of judgment on the pleadings de novo. *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021). A district court's denial of a motion for leave to amend is reviewed for abuse of discretion. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

The Associated Policy is a "second-layer excess umbrella policy," meaning it sits "above" a separate plan providing initial excess liability coverage and covers a prescribed amount of excess or otherwise uncovered liability. The Associated Policy contains both per-occurrence liability limits (limiting the total liability arising out of each "occurrence," as defined in the policy) and aggregate limits (providing per-year limits to liability). The aggregate limits provision provides limits of $4 million "in the aggregate for each annual period during the currency of this Policy, separately in respect of Products Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured."

In the Diocese's view, this language establishes annual aggregate limits only for products liability claims (up to $4 million) and occupational injury claims (up to a separate $4 million). Evanston, however, reads this same language to establish *three* annual aggregate limits of $4 million each: one for products liability claims, a second for occupational injury claims, and a third for all other claims. The district court agreed with Evanston, concluding that the meaning of the aggregate limits provision was rendered unambiguous as a matter of law by *Garamendi v. Mission*

25-3165

*Ins. Co.*, 31 Cal. Rptr. 3d 395 (Cal. Ct. App. 2005)—wherein the California Court of Appeal interpreted a similar contract provision to include a general aggregate limit in addition to the limits for the specified claim categories.

This court's recent decision in *San Bernardino*, however, requires reconsideration of the district court's ruling. In *San Bernardino*, we considered whether a similar policy provision was unambiguous as a matter of law and thus did not require consideration of extrinsic evidence under California interpretive principles. *See San Bernardino*, slip op. at 16–17. We determined that both parties raised plausible interpretations and that, under California law, the court was required to consider extrinsic evidence in adducing the provision's meaning. *Id.* at 18–19, 27. California requires consideration of extrinsic evidence whenever that "evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible." *Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 644 (Cal. 1968); *see also Morey v. Vannucci*, 75 Cal. Rptr. 2d 573, 578 (Cal. Ct. App. 1998).

*Garamendi* does not eliminate this requirement. Generally, "[w]here a policy term has been judicially construed, it is not ambiguous." *McMillin Homes Constr. Inc. v. Nat'l Fire & Marine Ins. Co.*, 247 Cal. Rptr. 3d 825, 833 (Cal. Ct. App. 2019) (citation omitted). But only "as to those policies entered into after the decision." *San Bernardino*, slip op. at 24; *see also London Mkt. Insurers v. Superior Ct.*, 53

4                                                                 25-3165

Cal. Rptr. 3d 154, 167–68 (Cal. Ct. App. 2007). Here, the publication of *Garamendi* in 2005 significantly post-dates the drafting of the Associated Policy in the late 1970s. Therefore, *Garamendi*'s construal of the provision's language cannot render the language unambiguous as a matter of law. *Cf. San Bernardino*, slip op. at 24.

Because the district court found the insurance policy language unambiguous, we vacate and remand to reconsider the insurance policy in light of *San Bernardino*.

**VACATED AND REMANDED.**

25-3165

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**
  **A. Panel Rehearing:**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - A material point of fact or law was overlooked in the decision;
  - A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

  **B. Rehearing En Banc**
- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - The proceeding involves a question of exceptional importance; or

1

➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

## (2) Deadlines for Filing:

- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

## (3) Statement of Counsel

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

## (4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

2

Post Judgment Form - Rev. 8/2025

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

3

Post Judgment Form - Rev. 8/2025

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)** [ ]

**Case Name** [ ]

Name of party/parties requesting costs to be taxed:

[ ]

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** [ ] **Date** [ ]

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd , and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee/Appeal from District Court filing portion of fee ($5) | | | | $ |
| | | | TOTAL: | $ |

***Example:*** *Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*